UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARY VOGEL,

                      Plaintiff,                                  00-CV-1129 (TCP) (ARL)

**MEMORANDUM AND ORDER**

                  -against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK

                      Defendant.
------------------------------------------------------X
PLATT, District Judge.

        By letter dated December 15, 2005, Plaintiff, Mary Vogel, moves for reconsideration of the Court's Order dated November 29, 2005, which denied Plaintiff's request for an extension of time to file a notice of appeal.

        On September 9, 2005, the Court granted summary judgment in favor of the Defendant. The judgment reflecting the same was signed on September 12, 2005, and entered on September 14, 2005. By motion dated November 22, 2005, Plaintiff moved the Court for an order reopening the time for Plaintiff to file a notice of appeal. Plaintiff's counsel contended that he did not receive notice of entry of the judgment, via the Electronic Court Filing system, as he had moved his practice as of September 1, 2005, and neglected to update his information with the Court clerk. Plaintiff's counsel, without specifying when or how, stated that he "accidentally" learned of the entry of judgment by perusing the court's docket sheet.

        Federal Rule of Appellate Procedure 4(a)(6) provides that an extension of one's

1

time to file a notice of appeal may be granted where: (1) the movant was entitled to notice of entry of judgment; (2) the movant did not receive such notice from the clerk or any party within 21 days of entry; (3) no party would be prejudiced by the extension; and (4) the movant moved within the earlier of 180 days of entry or within seven days of receiving notice of entry. The Court found, in issuing its Order dated November 29, 2005, that Plaintiff's counsel had failed to move within seven days of receiving notice of entry; and thus, Plaintiff's opportunity to request an extension of time to file a notice of appeal had lapsed.

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988).

Moreover, under local rule 6.3, "[a] notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's order determining the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment." The Rule further specifies that the motion shall be served with a memorandum "setting forth concisely the matters or controlling decisions which counsel believes this court has overlooked." No such memorandum has been received here. Instead, the Court has received a "letter motion," which does not direct the Court to any controlling decisions or material facts that were not previously before the Court. In addition, the Court finds troubling Plaintiff's counsel's failure (for a second

time) to state affirmatively to the Court when and how he "accidentally" learned that judgment had been entered.

Accordingly, Plaintiff's motion for reconsideration is denied.


SO ORDERED.

_____s/s_____
Thomas C. Platt, U.S.D.J.


Dated: Central Islip, New York
December 19, 2005